IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLEVELAND LEE,

     Petitioner,       ORDER

   v.            08-cv-697-bbc

JOHN PAQUIN, Warden,
Prairie du Chien Correctional Institution,

     Respondent.

---

   Cleveland Lee, an inmate at the Prairie du Chien Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Also before the court is petitioner's motion for the appointment of counsel. Dkt. 3. I am deferring ruling on both the petition and the motion until petitioner supplements his petition.

   Petitioner challenges his November 2005 conviction in the Circuit Court for Milwaukee County for two counts of theft of more than $2,500 from a business; 10 counts of forgery and uttering; and three counts of filing false and fraudulent state tax returns. The crimes for which petitioner was convicted occurred between 1998 and 2002, when petitioner was chief financial officer of the Harambee Community School, a nonprofit organization. At trial, the state presented evidence that petitioner had embezzled $644,000 from two school accounts and had failed to pay income tax on the embezzled funds. After post-conviction proceedings in the trial court, petitioner filed an appeal raising the following claims: 1) his trial lawyer had been ineffective for failing to object to a statement made by Agent Barnes, one of the state's witnesses;

2) the trial court had denied him a fair trial when it refused to permit petitioner to use a "business plan" document that had not been disclosed previously to the state; and 3) he was entitled to a new trial on grounds of plain error and the interests of justice. In a decision issued September 25, 2007, the Wisconsin Court of Appeals rejected his claims and affirmed his conviction. *State v. Lee*, 2007 WI App 230, 306 Wis. 2d 125 (Ct. App. Sept. 25, 2007) (unpublished disposition). The Wisconsin Supreme Court declined to review that decision.

After his appeal, petitioner filed a motion to modify his sentence and a petition for a writ of habeas corpus. The state trial court denied these motions; petitioner did not appeal. (Also, petitioner was sued by Harambee for recovery of the embezzled funds. An appeal of the judgment issued against petitioner in that civil suit is pending.) On December 4, 2008, this court received petitioner's habeas petition (dated November 30, 2008), in which petitioner asserts 11 grounds for relief.

Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner *and* state the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases. The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Habeas Rule 4 (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). The petition must cross

"some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir.1996).

The petition fails to cross that threshold with respect to claims 4, 5, 8 and 10. None of these claims provide enough facts from which to allow this court to conclude that his detention is illegal. In Ground 5 and again in Ground 8, petitioner alleges claims of ineffective assistance of counsel. In order to establish that he was denied the effective assistance of counsel, petitioner must show both that counsel's performance was deficient and that he was prejudiced by his attorney's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, petitioner must show that there is a probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner has failed to alleged facts sufficient from which this court could find a colorable claim of ineffective assistance of counsel. In Ground 5, he asserts that his lawyer was ineffective for "failing to use his legal knowledge and thoroughness" when examining the arrest warrant and criminal complaint and investigating the case, but he does not explain what a more through review would have uncovered or how his lawyer's actions or omissions prejudiced him. He asserts that his lawyer "failed to call witnesses," but does not say who these witnesses were, what testimony they would have provided or how that testimony would have affected the outcome of his trial. Petitioner also alleges that his appellate lawyer was ineffective for failing to raise on appeal "grounds that had merit," but he fails to describe what meritorious grounds existed that counsel did not raise. In Ground 8, petitioner asserts that his trial lawyer was ineffective "in defense of the theft charge element of employment" and "failed to protect petitioner['s] right to his property and liberty," but petitioner does not explain what he thinks his lawyer should

3

have done differently.  In addition, petitioner asserts that he was "denied Machner hearing on ineffective assistance of counsel although counsel did not object to the conclusive statements made by Agent Barnes at trial," which raises the question whether petitioner is raising a claim of ineffective assistance of counsel or whether he is challenging the trial court's failure to grant him an evidentiary hearing.

Grounds 4 and 10 are similarly defective.  In Ground 4, petitioner complains that he was never provided with a restitution hearing; however, he does not allege what evidence he would have presented at such a hearing that was not provided at trial.  In Ground 10, he asserts that he was denied his right to due process, but again, he makes only conclusory allegations in support of that claim.

Ground 1 suffers from the opposite problem.  Petitioner asserts that he was an independent contractor and not an employee of Harambee school and that he and Harambee had a "property interest; contracts and money."  He further asserts that he "cannot be imprisoned in Wisconsin for debt arising out of a contract."  However, petitioner does not tie his facts to any alleged constitutional violation.  Without more information from petitioner, I am unable to construe Ground 1 as setting forth any cognizable constitutional claim.

Before taking further action, I will provide petitioner an opportunity to supplement his petition with facts that show that his custody is unlawful.  The court will reserve ruling on whether the state should respond to the remaining claims until it receives petitioner's response.

For petitioner's sake, I note that to be entitled to a writ of habeas corpus, a state prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  If it plainly appears from the petition and any attached

4

exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily, without reviewing the record at all, if it determines that the petition "raises a legal theory that is indisputably without merit." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

From the petition, it seems unlikely that petitioner will be able to show that he is entitled to relief on grounds 2, 3, 9 and 11.  In Ground 2, petitioner claims that he was "deprived of his contracts and his money by actions of Harambee and the State of Wisconsin District Attorney's Office without due process."  However, habeas relief is available to correct only wrongful deprivations of liberty, not property.  In Ground 3, petitioner alleges that he was prejudiced by the fact that a lawyer who had previously represented him in a civil lawsuit involving Harambee was the commissioner who signed the warrant for petitioner's arrest on criminal charges.  But defects in the manner in which petitioner was arrested does not void his subsequent conviction. *Sanders v. Israel*, 717 F.2d 422, 423 (7th Cir. 1983) (illegal arrest is insufficient ground upon which to vacate conviction in federal habeas proceeding) (citations omitted).  Ground 9, petitioner's claim of "plain error" and Ground 11, his claim that he is entitled to a new trial "in the interest of justice," do not set forth cognizable constitutional claims.  *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact") (citations omitted); *In re Terry*, 128 U.S. 289, 305 (1888) ("the writ of habeas corpus does not perform the office of a writ of error or an appeal").

Apart from petitioner's failure to support his claims with facts sufficient to show that he was deprived of his constitutional rights, the petition suffers from a broader defect. Before a federal court may consider the merits of a claim presented in a habeas petition brought under § 2254, the state prisoner must first have given the state courts the opportunity to correct the alleged constitutional error. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). To complete this step, which is termed "exhaustion," he must pursue one complete round of the state's appellate review process, including filing a petition for discretionary review with the state supreme court. *Boerckel*, 526 U.S. at 845. If, however, the petitioner has already pursued his state court remedies but failed to properly present his claims to the state courts along the way, then "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." *Perruquet*, 390 F.3d at 514.

It appears that petitioner has not properly exhausted most of the claims that he presents in his habeas petition. Although he alleges that he presented the claims to the state trial court, he admits that he did not appeal the trial court's adverse rulings to the Wisconsin Court of Appeals. The only claims that petitioner appears to have exhausted properly are those that he raised on direct appeal. However, because of the petition's vagueness, I am unable to tell whether petitioner seeks to pursue any of these exhausted claims. In any case, it is too early at this juncture to examine the exhaustion question (and the related question of whether a stay should issue, *see Rhines v. Weber*, 544 U.S. 269 (2005)) in detail. We can cross that bridge after petitioner has supplemented his petition and the court has determined which, if any, claims are sufficient to warrant a response from the state,

6

Petitioner will have until January 19, 2009, in which to supplement his petition with facts supporting each ground for relief.  With respect to his allegations of ineffective assistance of trial and appellate counsel, it would be helpful if petitioner would state each of counsel's alleged errors as a separate claim (with supporting facts) rather than combine them into a single claim.  The court will consider petitioner's motion for the appointment of counsel after it receives petitioner's response to this order.

ORDER

IT IS ORDERED that:

(1) Petitioner has until January 19, 2009, in which to supplement his petition with facts supporting the alleged grounds for relief and showing that his custody is unlawful.  If petitioner fails to meet this deadline, the court will dismiss the petition for failure to prosecute; and

(2) The court will defer ruling on petitioner's motion for the appointment of counsel until it receives his supplement.

Entered this 19th day of December, 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge

7