IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLEVELAND LEE,

                Petitioner,                OPINION AND ORDER

    v.                                                  08-cv-697-bbc

JOHN PAQUIN, Warden,
Prairie du Chien Correctional Institution,

                Respondent.

---

       Cleveland Lee, an inmate at the Prairie du Chien Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contesting the lawfulness of his conviction for embezzlement, forgery and filing false tax returns. On December 19, 2008, United Magistrate Judge Stephen Crocker issued an order directing petitioner to supplement his petition with facts supporting his alleged grounds for relief and showing that his custody is unlawful. Petitioner has complied with that order. The petition and its supplement are now before the court for a determination of the need for a response. The background facts are set forth in the magistrate judge's order and are incorporated herein by reference.

       Like the petition, petitioner's supplement is not a model of clarity. Petitioner alleges 11 separate grounds for relief and posits a number of different legal theories. All of the grounds, however, appear to flow from one central premise: that petitioner is not guilty of embezzlement because the funds on which the charges were based consisted of money owed to him by the victim, Harambee School, for services he provided to the school in his capacity

as business manager and chief financial officer. With that in mind, I address each of petitioner's claims in turn.

OPINION

A. Ground 1: Right to Contract

Petitioner alleges that the money he was found guilty of embezzling consisted of legitimate payments to him for services he provided under agreements he had with Harambee school, and that his conviction amounts to an unlawful deprivation of his right to contract guaranteed by the Constitution's contracts clause. This is not so much a claim for relief as it is petitioner's theory of defense, which the jury rejected at trial. Petitioner can attempt to show why his trial was unfair, but his contracts clause claim does not state an independent ground for relief requiring a response from the state.

B. Ground 2a: Due Process and Equal Protection

Petitioner contends that the state violated his rights under the equal protection and due process clauses by failing to conduct an "impartial" investigation and "treating him differently" from the way it treated Harambee. I infer that petitioner is alleging that he was selectively prosecuted by the government in bad faith. United States v. Niemiec, 611 F.2d 1207, 1209 (7th Cir. 1980) ("A selective prosecution defense involves the equal protection component of the Fifth Amendment's due process clause."). The state will not be ordered to respond to this claim. Criminal prosecutions are presumed to have been undertaken in

good faith without discriminatory purpose. United States v. Falk, 479 F.2d 616, 620 (7th Cir. 1973). To overcome this presumption, petitioner must prove that the decision to prosecute "was based on impermissible considerations such as race, religion, or the desire to penalize the exercise of constitutional rights." Niemiec, 611 F.2d at 1209 (quoting United States v. Peskin, 527 F.2d 71, 86 (7th Cir. 1975)). Petitioner has not adduced any evidence suggesting that any of these considerations motivated the prosecution in his case. His assertion that the investigation was not "impartial" appears to be based on his belief that he did not commit any crime or on the fact that the state believed Harambee's suspicion that petitioner was stealing from the school. This assertion is insufficient to give rise to a cognizable claim of selective prosecution.

Among his various allegations in support of ground 2, petitioner accuses the trial judge and prosecutor of improper conduct during the trial. Dkt. #5, at 5. Because these allegations are factually distinct from petitioner's selective prosecution claim, I will treat them as separate claims, 2b and 2c. Petitioner did not include either of these claims in his original petition, but I will allow them in light of petitioner's *pro se* status.

1. Ground 2b: judicial bias

Petitioner asserts that the trial judge deprived him of a fair trial by conveying through his body language and facial expressions that he did not believe petitioner's deposition testimony and by intentionally interrupting the defense's questioning of a state witness when the witness started to become flustered. To insure that a defendant receives a fair trial, a

3

trial judge must avoid conveying an impression to the jury that he questions the credibility of a witness or the defense. United States v. Curry, 538 F.3d 718, 727 (7th Cir. 2008). Construing the petition liberally, I find that petitioner's allegations are sufficient to require a response from the state. I note, however, that unless petitioner's lawyer noted on the record the judge's alleged behavior during the playing of the deposition testimony or petitioner can otherwise corroborate his claim, petitioner's allegation that the judge communicated bias is unlikely to succeed.

Petitioner also appears to suggest that the trial judge was biased because Wisconsin Supreme Court Justice Louis Butler shook hands with Harambee's school board president during a recess in the trial. The state will not be ordered to respond to this aspect of petitioner's judicial bias claim. The fact that one of the witnesses may have been acquainted with a different judge does not show bias on the part of the trial judge.

2. Ground 2c: prosecutorial misconduct

Petitioner asserts that the prosecutor made improper or inaccurate remarks during his opening and closing statements. Specifically, petitioner complains that in his opening statement, the prosecutor erroneously referred to him as Harambee's business manager, when he was actually the chief financial officer. He also contends that the prosecutor vouched for the state's expert witnesses and offered his personal opinion about petitioner's lack of credibility. Although these claims are of dubious merit, at this early stage of the proceeding I find they are sufficient to state a claim. I note, however, that petitioner has

4

likely forfeited these claims because it appears that he did not object to the remarks during the trial.

### C. Ground 3: Invalid Arrest

Petitioner contends that his arrest was unlawful because the court commissioner who signed the arrest warrant had a conflict of interest. As the magistrate judge observed, defects in the manner in which a petitioner was arrested does not void his subsequent conviction. Sanders v. Israel, 717 F.2d 422, 423 (7th Cir. 1983) (illegal arrest is insufficient ground upon which to vacate conviction in federal habeas proceeding) (citations omitted). Accordingly, this claim is not cognizable in a habeas corpus action.

### D. Grounds 4 and 7: Invalid Restitution Order

Petitioner contends that the amount of restitution he was ordered to pay is not based upon accurate information and varies from the evidence adduced at trial. Section 2254, however, is limited to challenges to "custody," that is, physical restraint or other conditions that constitute a significant restraint on one's liberty. Virsnieks v. Smith, 521 F.3d 707, 717 (7th Cir. 2008). In a recently-issued opinion drawing on analogous cases arising under § 2255, Magistrate Judge Aaron Goodstein concluded that § 2254 is not available to challenge an order of restitution imposed as part of a criminal sentence, even if failure to pay the restitution could lead to future incarceration. Washington v. Jess, 2008 WL 5191250, *10-*11 (E.D. Wis. Dec. 11, 2008). See also Barnickel v. United States, 113 F.3d 704, 706 (7th

5

Cir. 1997) (§ 2255 case); Smullen v. United States, 94 F.3d 20 (1st Cir. 1996) (§ 2255 case). Having read the cases cited by Magistrate Judge Goodstein, I agree with both his reasoning and his conclusion. This claim does not provide a cognizable basis for habeas relief.

E. Ground 5: Ineffective Assistance of Trial Counsel

Petitioner contends that his trial lawyer was ineffective for failing to pursue a defense and present witnesses to support petitioner's theory that he was an independent contractor and not an "employee" of Harambee and that the funds he was charged with embezzling were actually legitimate payments to him under to certain unwritten contracts he had with Harambee. Petitioner has listed several witnesses that counsel failed to call, along with their putative testimony. Although it is unclear from petitioner's proffer whether all of these witnesses had personal knowledge of petitioner's alleged contracts with Harambee, it appears that at least some of them may have been helpful to his defense. Accordingly, the state will be ordered to respond to this claim. The state should also respond to petitioner's claim that his lawyer provided ineffective assistance when he failed to object to false or improper statements made by the prosecutor during opening and closing statements.

F. Ground 6: Unduly Harsh Sentence

Petitioner contends that his sentence was unduly harsh and unfair because he did not receive the benefit of 2001 Wis. Act 109, the second wave of Wisconsin's truth-in-

sentencing legislation, which went into effect on February 1, 2003. That legislation reclassified the state's felonies and adjusted the maximum penalties to reflect Wisconsin's new bifurcated sentencing scheme. I infer from the petition that the new legislation reduced the maximum term of imprisonment for petitioner's crimes. That fact, however, does not make petitioner's sentence unlawful or unconstitutional. Act 109 does not apply to petitioner because it applies only to offenders who commit their crimes on or after February 1, 2003. State v. Gallion, 270 Wis. 2d 525, 571 (2004). A state sentence that falls within the limits prescribed by the legislature is unconstitutional only if it was based upon inaccurate information, Lechner v. Frank, 341 F.3d 635 (7th Cir. 2003), or is "grossly disproportionate" to the crime. Henry v. Page, 223 F.3d 477, 482 (7th Cir. 2000). Because petitioner does not suggest that either of these circumstances applies in his case, he has no basis for challenging the constitutionality of his sentence. The state need not respond to this claim.

G.  Ground 8:  Ineffective Assistance of Appellate Counsel

Petitioner alleges that his postconviction/appellate lawyer was ineffective for failing to challenge trial counsel's failure to call witnesses or pursue petitioner's "independent contractor/debt" theory, failing to obtain an affidavit from Melinda Wright and Celestine Rogers in support of the post-conviction motion and failing to seek a restitution hearing. With the exception of counsel's failure to request a restitution hearing, petitioner's allegations are sufficient to warrant a response from the state.

7

### H. Ground 9, 10 and 11: Plain Error, Violation of Due Process and New Trial Required in the Interests of Justice

In each of these claims, petitioner essentially restates the facts related to his previous claims of prosecutorial misconduct and ineffective assistance of counsel. As noted in the previous order, petitioner's claims of "plain error," conclusory allegations of "due process" and his claim that he is entitled to a new trial "in the interest of justice," do not set forth cognizable constitutional claims. Herrera v. Collins, 506 U.S. 390, 400 (1993) ("federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact") (citations omitted); In re Terry, 128 U.S. 289, 305 (1888) ("the writ of habeas corpus does not perform the office of a writ of error or an appeal"). However, I will give petitioner the benefit of the doubt and construe these claims together as alleging that the cumulative effect of the errors committed at his trial had the effect of depriving him of due process of law. Alvarez v. Boyd, 225 F.3d 820, 823 (7th Cir. 2000) (discussing cumulative effect analysis). So framed, the state must respond to it.

### I. Ground 12 and 13: Claims Presented to State Court

I see nothing in the supplement clarifying whether petitioner seeks to raise the two constitutional claims that he raised in the state courts on direct appeal: 1) his trial lawyer had been ineffective for failing to object to a statement made by Agent Barnes, one of the state's witnesses; and 2) the trial court had denied him a fair trial when it refused to permit petitioner to use a "business plan" document that had not been disclosed previously to the

state. Because it appears that these are the only claims that petitioner has properly exhausted, it would be foolish for petitioner to abandon them. Petitioner did mention these claims (rather obliquely) in his petition. Accordingly, in an abundance of caution I will assume that petitioner wishes to include them among his other claims for habeas relief and will order the state to respond to them. I have referred to these claims as Ground 12 and Ground 13, respectively.

As noted in Magistrate Judge Crocker's order, it is questionable whether this court will reach the merits of any of the other claims to which the state has been ordered to respond because of petitioner's apparent failure to exhaust his state court remedies. I leave it to the state to address that issue in its response.

### J. Appointment of Counsel

Finally, petitioner has asked the court to appoint a lawyer to represent him in these proceedings. When determining whether to appoint counsel for indigent plaintiffs, the court must consider whether the petitioner appears to be competent to try the case himself given the case's difficulty and if not, whether the presence of counsel would make a difference to the outcome. Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993). These questions are difficult to answer at this early stage of the proceedings. Although I agree with petitioner that the facts underlying his conviction are complex, the court will not review those facts unless petitioner has exhausted his state court remedies on all of his claims. Whether or not petitioner has satisfied the exhaustion requirement and avoided procedurally defaulting his

9

claims is likely to be a threshold question that the court must decide. Although the rules that the court applies in answering this question are somewhat complex, I am confident from petitioner's submissions and the apparent level of education that he has attained that he will be capable of crafting an effective response if the state defends the petition on grounds of lack of exhaustion or procedural default. This is particularly so given that this court construes *pro se* submissions liberally. Accordingly, I am denying petitioner's motion for the appointment of counsel at this time. If, however, this case proceeds to a substantive evaluation of the merits of petitioner's claims, then petitioner may renew his request for the appointment of counsel.

ORDER

1. Pursuant to an informal service agreement between the Attorney General and the court, the Attorney General is being notified to seek service on Warden Paquin.

2. Ground 1, 2a, 3, 4, 6, and 7 of the petition are DISMISSED WITH PREJUDICE for failure to state a cognizable constitutional claim.

3. The state shall file a response to grounds 2b, 2c, 5, 8, 9-11, 12 and 13 of the petition, as construed by the court, not later than 45 days from the date of service of the petition, showing cause, if any, why this writ should not issue.

If the state contends that the petition is subject to dismissal on grounds such as the statute of limitations, as an unauthorized successive petition, lack of exhaustion or procedural default, then it is authorized to file a motion to dismiss, a supporting brief and

any documents relevant to the motion within 45 days of this order. If the state contends that the petition presents a mix of exhausted and unexhausted claims, then it must address in its supporting brief whether petitioner meets the criteria announced in Rhines v. Weber, 544 U.S. 269 (2005), for a stay in the event he opts to pursue his unexhausted claims in state court. Petitioner shall have 30 days following service of any dismissal motion within which to file and serve his responsive brief and any supporting documents. The state shall have 10 days following service of the response within which to file a reply.

If the court denies the motion to dismiss in whole or in part, then it will set a deadline within which the state must file an answer and supporting brief addressing any claims that have not been dismissed. Petitioner will be given the opportunity to reply to the state's submissions.

If the state does not file a motion to dismiss, then within its 45-day deadline it shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254. The answer must be accompanied by a brief containing a substantive legal response to petitioner's claims. In addition, the state must file the documents required by Rule 5(c) and (d). If the necessary records and transcripts cannot be furnished within 45 days, the state must advise the court when such papers will be filed. Petitioner shall have 30 days from the service of the state's response within which to file a substantive reply.

4. Petitioner must serve by mail a copy of every letter, brief, exhibit, motion or other submission that he files with this court upon the assistant attorney general who appears on

the state's behalf. The court will not docket or consider any submission that has not been served upon the state. Petitioner should include on each of his submissions a notation indicating that he served a copy of that document upon the state.

    5. The federal mailbox rule applies to all submissions in this case.

    6. Petitioner's motion for the appointment of counsel is DENIED at this time.

Entered this 5th day of February, 2009.

                                 BY THE COURT:

                                 /s/

                                 BARBARA B. CRABB
                                 District Judge