IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLEVELAND LEE,

                Petitioner,                OPINION AND ORDER

    v.                                              08-cv-697-bbc

JOHN PAQUIN, Warden,
Prairie du Chien Correctional Institution,

                Respondent.

---

    Cleveland Lee, an inmate at the Prairie du Chien Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the lawfulness of his conviction in the Circuit Court for Milwaukee County on two counts of theft of more than $2,500 from a business, 10 counts of forgery and uttering and three counts of filing false and fraudulent tax returns. Two motions are before the court: 1) respondent's motion to dismiss the petition on the ground that it contains a mix of unexhausted and exhausted claims; and 2) petitioner's corresponding motion to stay the petition and place it in abeyance while he exhausts his state court remedies. Because petitioner has failed to show that he had good cause for not exhausting all of his claims before filing his federal habeas petition, his motion to stay the petition will be denied. However, I will not dismiss the petition entirely because it is plain from petitioner's most recent submissions that he wishes to proceed on the claims that he properly exhausted in state court. Instead, the parties will be ordered to submit briefs on the merits of the exhausted claims.

PROCEDURAL HISTORY

The crimes for which petitioner was convicted occurred between 1998 and 2002, when petitioner was chief financial officer of the Harambee Community School, a nonprofit organization. At trial, the state presented evidence that petitioner had embezzled $644,000 from two school accounts and had failed to pay income tax on the embezzled funds. The court sentenced petitioner to seven years' initial confinement and awarded Harambee $642,000 in restitution.

After post-conviction proceedings in the trial court, petitioner filed an appeal raising the following claims: 1) his trial lawyer had been ineffective for failing to object to a statement made by Agent Barnes, one of the state's witnesses; 2) the trial court had denied him a fair trial when it refused to permit petitioner to use a "business plan" document that had not been disclosed previously to the state; and 3) he was entitled to a new trial on grounds of plain error and the interests of justice. In a decision issued September 25, 2007, the Wisconsin Court of Appeals rejected his claims and affirmed his conviction. State v. Lee, 2007 WI App 230, 306 Wis. 2d 125 (Ct. App. Sept. 25, 2007) (unpublished disposition). On January 22, 2008, the Wisconsin Supreme Court denied Lee's petition for review.

After his appeal, petitioner took steps to further challenge his conviction or sentence. On April 23, 2008, he filed a motion to modify his sentence in the Circuit Court for Milwaukee County. In the motion, he claimed that his sentence should be modified because of a new factor and in the interests of justice. He asserted that a civil court had "ordered a trial" in a civil suit filed by Harambee against petitioner and ruled that petitioner had a valid

"property interest claim (money)," and further, that "[o]ne having a property interest in funds in his possession is not guilty of embezzlement if he wrongfully appropriates the whole fund to his own use."  Mot. to Modify Sentence, dkt. #12, exh. 8.  The court denied the motion on April 24, 2008, finding that petitioner's claims targeted his conviction rather than his sentence and that his claims were "entirely conclusory and insufficient to warrant relief of any kind."  Dkt. #12, exh. 9.

On May 13, 2008, petitioner filed a state habeas petition in the Circuit Court for Milwaukee County.  He reasserted his claim that he was not guilty of embezzlement because he was not an employee of Harambee and that he had a legitimate property interest in funds that were in his possession.  Petitioner asserted that his conviction was a violation of his constitutional right to contract and of his "Fifth, Sixth and Fourteenth Amendments of the United States Constitution."  Dkt. #12, exh. 10.  The court denied the petition on July 2, 2008.  On July 8, 2008, petitioner filed a second state habeas petition, identical to his first, in the Circuit Court for Crawford County.  The court denied the petition the same day. Petitioner did not appeal any of the circuit court orders.

On December 4, 2008, this court received petitioner's habeas petition (dated November 30, 2008), in which petitioner asserted 11 grounds for relief.  On February 5, 2009, I entered an order directing respondent to respond to the following claims:

> Ground 2b:   The trial judge violated petitioner's right to a fair trial both by conveying to the jury that he disbelieved petitioner's prior deposition testimony and by intentionally interrupting the defense's cross-examination of a state witness when the witness started to become flustered;

3

| | |
|---|---|
| Ground 2c: | The prosecutor made improper or inaccurate remarks during the trial, erroneously referring to petitioner during opening statements as Harambee's business manager when he was actually the chief financial officer, and vouching for the state's expert witnesses and offering his personal opinion that petitioner was not credible; |
| Ground 5: | Petitioner's trial attorney rendered ineffective assistance of counsel by failing to object to the prosecutor's allegedly improper statements and by not calling seven potential witnesses to support petitioner's theory that he was an independent contractor rather than an employee of Harambee and that the funds he was charged with embezzling were actually legitimate payments to him under certain unwritten contracts he had with Harambee; |
| Ground 8: | Petitioner's postconviction/appellate lawyer was ineffective for failing to challenge trial counsel's failure to call witnesses or pursue petitioner's "independent contractor/debt" theory and failing to obtain an affidavit from Melinda Wright and Celestine Rogers in support of the post-conviction motion; |
| Ground 9-11: | Petitioner's due process rights were violated by the cumulative effects of the prosecutorial misconduct and ineffective assistance of counsel; |
| Ground 12: | Petitioner's trial attorney rendered ineffective assistance of counsel by not objecting to the testimony of Agent Vern Barnes on the grounds that it improperly invaded the province of the jury; and |
| Ground 13: | Petitioner's due process rights were violated by the circuit court's decision not to admit a business plan that he did not disclose until the last day of trial in violation of Wisconsin's criminal discovery statute. |

OPINION

Before a federal court may consider the merits of a claim presented in a habeas petition brought under § 2254, the state prisoner must first have given the state courts the opportunity to correct the alleged constitutional error. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). Principles of comity require that the habeas petitioner present his federal constitutional claims initially to the state courts in order to give the state the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted)). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner. Engle v. Isaac, 456 U.S. 107, 125 n. 28, 1570 n. 28 (1982); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").

The Supreme Court has interpreted the exhaustion requirement as imposing a rule of "total exhaustion," that is, that *all* claims in the petition must be exhausted before a federal court may rule on the petition. Rose v. Lundy, 455 U.S. 509, 510 (1982). To effectuate this requirement, the Court indicated that when faced with a "mixed" petition, that is, one presenting both unexhausted and exhausted claims, the district should dismiss it without prejudice to allow the state prisoner to return to the state courts with his

5

unexhausted claims. Id. at 522. However, after Congress imposed a one-year statute of limitations on the filing of federal habeas petitions with the enactment of Antiterrorism and Effective Death Penalty Act of 1996, the Court held that district courts have discretion to stay the petition and place it in abeyance, rather than dismiss it, in situations where dismissal is likely to terminate any federal review. Rhines v. Weber, 544 U.S. 269, 274 (2005).

In Rhines, the Court emphasized that stay and abeyance should be available "only in limited circumstances" in order not to undermine the Antiterrorism and Effective Death Penalty Act's twin purposes of encouraging finality and streamlining federal habeas proceedings. Id. at 277. A stay is appropriate only if: 1) there was good cause for the petitioner's failure to present his claims first to the state courts; and 2) the unexhausted claims are not plainly meritless. Id. If the court determines that a stay is not warranted, it should allow the petitioner to delete the unexhausted claims from his petition and proceed solely on the exhausted claims. Id. at 278.

There is no dispute in this case that petitioner failed on direct appeal and in his various post-conviction motions to present to the state courts any of the claims asserted in Ground 2b, Ground 2c, Ground 5 or Ground 8 of his federal habeas petition. Further, respondent has not taken the position that it is too late for petitioner to present his claims to the state courts or that the state courts would otherwise deem the claims procedurally barred. Finally, petitioner makes no suggestion that any of the limited exceptions to the total exhaustion requirement exist. 28 U.S.C. § 2254(b)(1)(B). Thus, the only issue this

6

court must decide is whether it is appropriate to stay the petition while petitioner returns to state court to exhaust these claims. The need for a stay is implicated because petitioner's federal statute of limitations expired in June 2009, while the instant dismissal motion was pending. Duncan v. Walker, 533 U.S. 167, 172 (2001) (filing of federal habeas petition does not toll AEDPA's statute of limitations).

In Rhines, the Supreme Court did not define "good cause."  Lacking any clear guidance from the Supreme Court, the lower courts have diverged on the meaning of the term, with some courts equating it to the "external" circumstances that must exist in order for a petitioner to show cause to overcome a procedural bar, e.g., Hernandez v. Sullivan, 397 F. Supp. 2d 1205, 1206-07 (D.C. Cal. 2005); Johnson v. Sullivan, 2006 WL 37037, *3 (C.D. Cal. Jan. 4, 2006); Pierce v. Hurley, 2006 WL 143717, *8 (S.D. Ohio Jan. 18, 2006); Carter v. Friel, 2006 WL 208872, *3 (D. Utah Jan. 26, 2006), and others finding that "good cause" requires a lesser showing, Bryant v. Greiner, 2006 WL 1675938, *5 (S.D.N.Y. June 15, 2006); Fernandez v. Artuz, 2006 WL 121943, at *6-7 (S.D.N.Y. Jan. 18, 2006); Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand). This case does not present a reason for this court to add its voice to the fray. Even if this court was to agree that good cause under Rhines need not rise to the level of that required to excuse a procedural default, petitioner has failed to satisfy even this lesser standard. As a showing of good cause, petitioner offers only his assertion that he did not appeal any of the *pro se* post-conviction motions he brought after his direct appeal because he did not understand the law, had limited financial and legal resources and was busy with other state court actions. Br. in Opp. to Mot. to Dismiss, dkt.

#16, at 708; Mot. for Stay and Abeyance, dkt. #18.  As respondent points out, however, the reasons why petitioner did not appeal do not explain why he did not present his unexhausted claims to the state *circuit* courts in any of his post-conviction motions.

In a case decided after Rhines, the Supreme Court suggested that good cause for filing a premature federal habeas petition might be shown if a petitioner had "reasonable confusion about whether a state filing would be timely."  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).  But petitioner has not asserted that he was "confused" about the timeliness of any of his state filings, much less shown that such confusion would be reasonable.  To the contrary, petitioner's motion indicates that he made a conscious decision not to appeal the orders denying his state post-conviction motions because he was busy with other legal matters and had limited resources.  And again, petitioner offers nothing to explain why he did not raise his various unexhausted claims in his post-conviction motions.  To the extent that petitioner's omissions can be attributed to his ignorance of the law, I am confident that such ignorance, without more, could not be what the Supreme Court had in mind in Rhines.  As one court has observed, a finding that a petitioner's ignorance of the law was good cause for his failure to exhaust his state court remedies before coming to federal court "would render stay-and-abey orders routine" and thus "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'"  Mora v. McDonald, 2009 WL 2190182, 5 (C.D. Cal. 2009) (quoting Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 2771(June 8, 2009)).  But see Riner v. Crawford, 415 F.Supp.2d 1207, 1211 (D. Nev. 2006) (suggesting that

petitioner's ignorance or confusion about law could amount to good cause if it prevented him from raising claim in state court).  In short, whatever the precise circumstances that might excuse a petitioner's failure to exhaust his state remedies before filing his federal habeas petition, it is clear that they are lacking in this case.

Because petitioner has not demonstrated good cause for his failure to exhaust all of his claims prior to filing a petition for habeas corpus, it is unnecessary to determine whether the claims are "plainly meritless."  The motion for a stay as to these claims will be denied.  Thus, these claims remain unexhausted.  Petitioner is free to attempt to present his unexhausted claims to the state courts, but they cannot be reviewed as part of any federal habeas petition.

When a habeas corpus petition includes unexhausted claims, a court has two options: it can either dismiss the entire petition as a "mixed petition" of exhausted and unexhausted claims, Rhines, 544 U.S. at 274-75, or it can give the petitioner the opportunity to amend the petition to exclude the unexhausted claims, id. at 278.  Because petitioner has addressed the merits of his exhausted claims in his brief opposing the motion to dismiss, dkt. #16, at 14-18, I will assume that he would prefer to exclude the unexhausted claims rather than have the petition dismissed in its entirety.  Accordingly, respondent's motion will be granted with respect to the unexhausted claims and denied with respect to the exhausted claims.  Briefing will proceed on the merits of the exhausted claims as follows:

> Petitioner may submit a brief in support of Grounds 9-13, as construed by the court, not later than October 19, 2009.

Respondent may submit a brief in opposition not later than November 19, 2009.

Petitioner may submit a brief in reply not later than December 4, 2009.

Petitioner should be aware that to be entitled to habeas relief on any of his claims, he must show that his conviction or sentence violates the federal Constitution, United States Supreme Court case law, federal law or a treaty of the United States. With respect to any claims that were adjudicated on the merits in a state court proceeding, petitioner bears the burden to show that the state court's adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or,

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner should keep in mind that in a habeas proceeding, a federal court is required to accept the state court's determination of factual issues as correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

If petitioner thinks he has adequately addressed these issues in his brief in opposition to the motion to dismiss, he need not submit another brief. If he chooses this option, then before his deadline, he should write a letter to the court, with a copy to the attorney general, stating that he intends to stand on his brief opposing the dismissal motion and will not be submitting another brief.

Finally, I note that in his brief, petitioner has raised two additional claims: 1) Agent Barnes violated petitioner's right to be free from cruel and unusual punishment; and 2) petitioner's convictions for theft on counts 1 and 2 are in violation of the bar against double jeopardy. These claims were not included in the petition and are not properly before the court. Even if they were, they would not be valid grounds for habeas relief. They are not exhausted and are patently frivolous.

ORDER

IT IS ORDERED that:

1. Petitioner's motion for a stay is DENIED.

2. Respondent's motion to dismiss the petition in its entirety is GRANTED IN PART and DENIED IN PART. The motion is granted with respect to Ground 2b, Ground 2c, Ground 5 and Ground 8 of the petition. These claims are DISMISSED WITH PREJUDICE.

3. Briefing shall proceed on the merits of Grounds 9-13 as follows:

Petitioner may submit a brief in support of Grounds 9-13, as construed by the court, not later than October 19, 2009.

Respondent may submit a brief in opposition not later than November 19, 2009.

Petitioner may submit a brief in reply not later than December 4, 2009.

Entered this 17th day of September, 2009.

                                  BY THE COURT:

                                  /s/
                                  BARBARA B. CRABB
                                  District Judge